UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMANTHA JARRETT, O/B/O R.M.J., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | NO.  C15-5176-BHS-JPD <br><br><br> REPORT AND RECOMMENDATION |

Plaintiff Samantha Jarrett, o/b/o R.M.J.[1], appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for child's Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be AFFIRMED.

## I. FACTS AND PROCEDURAL HISTORY

Claimant is a four-year-old girl.  Administrative Record ("AR") at 236.  On November 10, 2011, Plaintiff protectively filed a claim for SSI payments, alleging that disability onset on

---

[1] The court hereinafter refers to R.M.J. as "Claimant."

REPORT AND RECOMMENDATION - 1

Claimant's birthdate. AR at 221-26, 236. Plaintiff asserts that Claimant is disabled due to asthma. AR at 240.

The Commissioner denied Claimant's application initially and on reconsideration. AR at 107-13, 123-29. Plaintiff requested a hearing, which took place on December 26, 2012, and February 25, 2013. AR at 49-85. On April 29, 2013, the ALJ issued a decision finding Claimant not disabled. AR at 27-43. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On March 24, 2015, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   EVALUATING DISABILITY

The Social Security regulations set forth a three-step sequential evaluation process for determining whether a child is disabled. 20 C.F.R. § 416.924. At step one, it must be determined whether the claimant is performing substantial gainful activity. *Id.*

If the claimant is not performing substantial gainful activity, at step two, it must be determined whether the claimant has a "severe" medically determinable impairment or combination thereof. *Id.*

If the claimant has a severe impairment or combination of impairments that meets the duration requirement, it must be determined at step three whether that impairment meets, medically equals, or functionally equals a listed impairment in 20 C.F.R. § 404, Part B, Appendix 1, Subpart P. *Id.* If the child's impairment meets or medically equals a listed impairment, then the claimant will be found disabled. If the impairment does not meet or medically equal a listed impairment, it must be determined whether the impairment *functionally* equals a listed impairment by assessing the child's limitations in six broad areas of functioning called "domains." The domains include the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, (6) health and physical well-being. 20 C.F.R. § 416.926a. The claimant's impairment will be considered functionally equivalent if the claimant has "marked" limitations in two domains, or "extreme" limitations in one domain. *Id.* A determination of functional equivalence is the responsibility of the state agency medical or psychological staff at the initial and reconsideration levels, of an ALJ at the hearing level, and of the Appeals Council at that level. 20 C.F.R. § 416.926a(n).

If a claimant satisfies all three steps and has an impairment that meets, medically equals, or functionally equals a listed impairment for the required duration, he or she will be found disabled for purposes of SSI.

## V. DECISION BELOW

On April 29, 2013, the ALJ found:

1. Claimant has not engaged in substantial gainful activity since November 10, 2011, the application date.

2. Claimant's asthma is severe.

3. Claimant does not have an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

6. Claimant has not been disabled, as defined in the Act, since November 10, 2011, the application date.

AR at 30-42.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in discounting the opinion of treating physician Rachel Anderson, M.D.; and

2. Whether the ALJ erred in finding that Claimant does not functionally equal a listed impairment.

Dkt. 15 at 1.

## VII. DISCUSSION

A. <u>The ALJ Did Not Err in Discounting Dr. Anderson's Opinion.</u>

Dr. Anderson, Claimant's primary care physician, completed a childhood disability evaluation form in August 2012, opining that Claimant had "less than marked" limitations in most of the domains, but an extreme limitation in the "health and physical well-being" domain. AR 704-06. As support for this conclusion, Dr. Anderson cited generally "evaluation summary

REPORT AND RECOMMENDATION - 4

from Holly Ridge[,]" and "notes from clinic visits." AR at 705.

The ALJ found that Dr. Anderson's opinion regarding Claimant's "health and physical well-being" was not consistent with her contemporaneous clinic records, which indicate that during visits Dr. Anderson observed Claimant to be well nourished and in no acute distress, with no fever and normal tympanic membranes in her ears. AR at 34 (citing AR 518-19). The ALJ also noted that Dr. Anderson recommended that Claimant return for her next well-child appointment according to schedule, or earlier if concerns arose. AR at 34 (citing AR 516-17). The ALJ also cited the contrary testimony of a medical expert, Perry Grossman, M.D., as a reason to discount Dr. Anderson's opinion regarding the "health and physical well-being" domain. AR at 34 (referencing AR at 80-81).

Plaintiff argues that these reasons are not legally sufficient, and that the ALJ engaged in impermissible cherry-picking. The Court will address Plaintiff's arguments in turn.

1.  *Legal Standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*

REPORT AND RECOMMENDATION - 5

1   (citing *Magallanes*, 881 F.2d at 751).  The ALJ must do more than merely state his/her

2   conclusions.  "He must set forth his own interpretations and explain why they, rather than the

3   doctors', are correct."  *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

4   Such conclusions must at all times be supported by substantial evidence.  *Reddick*, 157 F.3d at

5   725.

6        Opinions from non-examining medical sources are to be given less weight than treating

7   or examining doctors.  *Lester*, 81 F.3d at 831.  However, an ALJ must always evaluate the

8   opinions from such sources and may not simply ignore them.  In other words, an ALJ must

9   evaluate the opinion of a non-examining source and explain the weight given to it.  Social

10  Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996).  Although an ALJ

11  generally gives more weight to an examining doctor's opinion than to a non-examining

12  doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial

13  evidence if it is consistent with other independent evidence in the record.  *Thomas v. Barnhart*,

14  278 F.3d 947, 957 (9th Cir. 2002); *Orn*, 495 F.3d at 632-33.

15      2.    *Inconsistent with Treatment Records*

16  Plaintiff argues that the ALJ erred in finding Dr. Anderson's opinion to be inconsistent

17  with treatment records, citing various treatment records that describe Claimant's treatment for

18  upper respiratory infections, coughing, asthma, bronchitis, and ear problems.  Dkt. 15 at 5.

19  The records cited by Plaintiff do demonstrate medical attention to various issues, but do not

20  necessarily support a finding of an "extreme" limitation in the "health and physical well-being"

21  domain, because the records cited by Plaintiff, as well as the medical record overall,

22  demonstrate that Claimant's complaints responded to treatment and that she was showing

23  progress developmentally.  *See, e.g.*, AR at 624-25, 651-54, 722-38, 760-61, 765-91.  The

24  regulations explain that consideration of the "health and physical well-being" domain may

REPORT AND RECOMMENDATION - 6

involve an evaluation of a claimant's symptoms, somatic complaints, limitations caused by treatment, and exacerbations that interfere with physical well-being, and whether the claimant is "medically fragile and need[s] intensive medical care to maintain [his or her] level of health and physical well-being." 20 C.F.R. § 416.926a(l)(4).

The ALJ discussed these factors, in the context of the record as a whole, in explaining why Claimant's functioning in this domain was less than markedly impaired. AR at 41-42. Specifically, the ALJ noted that Claimant had been hospitalized once for pneumonia, which resolved, and that her asthma was diagnosed as "mild" and that treatments were prescribed. AR at 42 (referencing AR at 605-06, 627-29). The ALJ's interpretation of the medical record is reasonable and constitutes a legitimate reason to discount Dr. Anderson's opinion regarding Claimant's functioning in the "health and physical well-being" domain. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

        3.       *Contradicted by Dr. Grossman's Testimony*

Plaintiff argues that the ALJ erred in discounting Dr. Anderson's opinion as inconsistent with Dr. Grossman's testimony, essentially arguing that a non-examining physician's opinion cannot constitute substantial evidence to reject a treating physician's opinion. Dkt. 15 at 5-6. Plaintiff is mistaken. Although a treating physician's opinion may not be discounted solely on the basis of contradiction with a non-examining physician's opinion, *Lester*, 81 F.3d at 831, the ALJ in this case did not solely rely on Dr. Grossman's contrary testimony to discount Dr. Anderson's opinion. AR at 34.

Furthermore, a non-examining physician's opinion need not be discounted if it is not contradicted by "*all other evidence* in the record." *Magallanes*, 881 F.2d at 752. Dr. Grossman's opinion was not contradicted by the remainder of the record: he referenced

REPORT AND RECOMMENDATION - 7

Claimant's treatment record to explain why he concluded that she had less than marked limitations as to the "health and physical well-being" domain. AR at 80-81. Accordingly, the Court finds that the ALJ's reference to Dr. Grossman's testimony as one reason to discount Dr. Anderson's opinion is not erroneous.

4.   *Cherry-Picking*

An ALJ may not "cherry pick" from the record to support a conclusion, but must account for the context of the record as a whole. *See generally Reddick*, 157 F.3d at 722-23 ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record. We conclude that his approach and conclusions do not fully account for the nature of CFS and its symptoms."). Impermissible cherry-picking is therefore an issue of evidentiary support: an ALJ may not simply cite isolated pieces of evidence as support for a conclusion, without taking into account the record as a whole. *See Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998).

Plaintiff argues that the ALJ "cherry-picked" by rejecting only part of Dr. Anderson's opinion, but has not explained why this is an error or why this approach is similar to the evidentiary cherry-picking disallowed by Ninth Circuit authority. Plaintiff cites no authority requiring an ALJ to either credit or reject a physician's opinion in its entirety, and the Ninth Circuit has affirmed an ALJ's provision of specific, legitimate reasons to reject portions of a medical opinion. *See, e.g.*, *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (affirming an ALJ's rejection of one sentence of a medical opinion).

Plaintiff also argues that the ALJ erred by failing to explicitly acknowledge factors that would entitle Dr. Anderson's opinion to more weight, namely the length and frequency of her treatment relationship. Dkt. 15 at 7. Although the regulations do not require an explicit

REPORT AND RECOMMENDATION - 8

discussion of the 20 C.F.R. § 416.927(c), the ALJ in this case did explicitly address the length[2] of Dr. Anderson's treating relationship and her position as a treating physician.  AR at 34.

Because the ALJ provided specific and legitimate reasons to reject Dr. Anderson's opinion regarding Claimant's functioning in the "health and physical well-being" domain, and Plaintiff has identified no other error in the ALJ's assessment of Dr. Anderson's opinion, the ALJ's assessment should be affirmed.

B.  The ALJ Did Not Err in Finding that Claimant Did Not Functionally Equal a Listed Impairment.

Plaintiff argues that the ALJ erred in finding only one marked functional limitation, as to the "interacting and relating with others" domain, because Dr. Anderson's opinion would support a finding of an "extreme" limitation in the "health and physical well-being" domain.  Dkt. 15 at 9-10.  For the reasons explained *supra*, the ALJ did not err in discounting Dr. Anderson's opinion regarding the "health and physical well-being" domain.  Plaintiff incorporates his arguments regarding Dr. Anderson's opinion; these arguments were addressed *supra* and that analysis need not be repeated.

Plaintiff raises an additional argument in a footnote, suggesting that even if Dr. Anderson's opinion as to an "extreme" limitation in the "health and physical well-being" domain were not supported, the Court should nonetheless find a "marked" limitation in that domain.  Dkt. 15 at 10 n.4.  Plaintiff cites no authority to support this argument, and does not explain why or how the Court could reach such a conclusion.  *Id*.  Because the ALJ's decision is supported by substantial evidence and no legal error has been identified, the Court should affirm the ALJ's decision.

---

[2] Plaintiff argues that Dr. Anderson's treating relationship began on December 28, 2010, but that is Claimant's birthdate.  Dkt. 15 at 7.  Dr. Anderson's earliest treatment records date to May 2011, as the ALJ found.  *See* AR at 350-51, 706.

REPORT AND RECOMMENDATION - 9

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 14, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 18, 2015**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 30th day of November, 2015.

*James P. Donohue*
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 10